Diego Jiménez, demandante y apelante, *v.* Comisión de Indemnizaciones a Obreros, demandada y apelada.

No. 3698.—*Visto:* Diciembre 1, 1925. *Resuelto:* Diciembre 15, 1925.

Patrono y Empleado—Ley de Indemnizaciones a Obreros—Ocupaciones Comprendidas Dentro del Estatuto — Obreros Labradores. — Un obrero que trabaja como peón en una finca de café y se ocupa en la recolección del fruto para luego conducirlo hasta un almacén o depósito en la misma finca, está excluído de los efectos de la Ley de Indemnizaciones por disposición expresa del artículo 2 de la misma.

Sentencia de *Tomás Bryan,* J. (Aguadilla), desestimando la demanda, sin costas. *Confirmada.*

B. *Esteves,* abogado del apelante; *Hon. George C. Butte, Attorney General'* y *E. Aldrey,* abogados de la apelada.

EL JUEZ ASOCIADO SEÑOR FRANCO SOTO, emitió la opinión del tribunal.

Diego Jiménez era un obrero que trabajaba como peón en una finca de café y se ocupaba en la recolección del fruto para luego conducirlo en sacos hasta un almacén o depósito en la misma finca. Mientras hacía la operación de conducir un saco de café en uva, accidentalmente resbaló en el camino, que estaba húmedo, y al hacer un esfuerzo y tratar de aguantar la carga y evitar que se cayera, se produjo una luxación traumática en la muñeca de la mano derecha, quedando anquilosada e incapacitado parcialmente el obrero para dedicarse a sus ocupaciones habituales.

La Comisión de Indemnizaciones a Obreros resolvió que el caso no está comprendido en la ley y resolviendo una moción de reconsideración, declaró:

"En el caso de Diego Jiménez, 28,825, se da cuenta con la solicitud de reconsideración presentada por el Ledo. Buenaventura Esteves a nombre del lesionado y la Comisión, visto el expediente, del cual aparece por las propias declaraciones del lesionado que éste era un cogedor de café, y no estando esta ocupación protegida por la Ley, de acuerdo con el art. 2 de la misma, resuelve denegar dicha solicitud de reconsideración. Comuníquese al peticionario."

El peticionario no conforme estableció un recurso de *certiorari* para ante la Corte de Distrito de Aguadilla. La petición fué excepcionada por falta de causa de acción y la corte inferior desestimó la demanda "por entender que el demandante en este caso no está protegido por la Ley de Indemnizaciones por accidente del trabajo."

La acción se funda en el artículo 2 de la ley estableciendo la Comisión de Indemnizaciones a Obreros, tal como quedó enmendado por la ley No. 61, aprobada en julio 14 de 1921 (p. 473). Dicho artículo así enmendado, dice:

"Art. 2.—Las disposicioens de esta Ley serán aplicables a los obreros lesionados o que se inutilicen o pierdan la vida por accidente o enfermedades que provengan de cualquier acto o función in-

herente a su trabajo o empleo y ocurran dentro del curso de éste, por consecuencia del mismo. Se exceptúan los labradores que no sean empleados para trabajar con maquinaria movida por vapor, gas, corriente eléctrica, fuerza animal o cualquier otra fuerza motriz mecánica o instrumentos o herramientas cuyo uso no pueda originar graves daños corporales, sirvientes domésticos y empleados dedicados a trabajo de oficina en oficinas y establecimientos comerciales en donde no se usa maquinaria; *Disponiéndose, sin embargo,* que los labradores empleados en las faenas agrícolas donde se utilice fuerza animal, instrumentos o herramientas cuyo uso pueda originar graves daños corporales serán protegidos por los beneficios de esta ley; . . . ."

Haciendo un examen de esta disposición en la forma que fué redactada originalmente, Ley No. 10, aprobada en febrero 25, 1918, p. 55, y su primera enmienda, Ley No. 62, aprobada en junio 19, 1919, p. 335, se podrá ver que aunque en otros de sus aspectos se hizo más amplia y liberal su aplicación, el punto relativo a obreros labradores no sufrió variación. La ley hace expresa excepción de esta clase de trabajadores y seguramente la razón del legislador descansó en que las faenas agrícolas no ofrecen el peligro de otras ocupaciones a menos que en ellas, haciendo a su vez salvedad la misma ley, se utilice fuerza animal, instrumentos o herramientas cuyo uso pueda originar graves daños corporales.

Se puede notar, además, de un somero examen de las autoridades, que como regla, los labradores han sido exceptuados del efecto de las leyes de indemnizaciones en los Estados Unidos, Canadá e Inglaterra, aunque frecuentemente se ha dispuesto que pueden los labradores elegir acogerse al estatuto. 28 R.C.L. 718.

*Debe confirmarse la sentencia apelada.*

El Juez Asociado Sr. Wolf no intervino en la resolución de este caso.